```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION
```

MOSES WARD,                  §
                             §
            Plaintiff,       §
                             § Civil Action No. 3:09-CV-1794-D
VS.                          §
                             §
CITY OF LANCASTER,           §
                             §
            Defendant.       §

MEMORANDUM OPINION
AND ORDER

Defendant City of Lancaster, Texas ("the City") moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings[1] dismissing this action by plaintiff Moses Ward ("Ward") alleging that he was wrongfully terminated for seeking unemployment benefits. Concluding that Ward has failed to state a claim on which relief can be granted, and having afforded him three opportunities to file a complaint that states such a claim, the court grants the motion and dismisses this action with prejudice.

I

Ward filed this case *pro se*. Except for the caption and the signature block, his complaint consisted entirely of the following: "I was fired by the City of Lancaster, for filing a[n] unemployment benefits claim." Compl. 1. Ward moved, *inter alia*, for appointed counsel. The magistrate judge denied the motion as moot because an

---

[1] The City moves in the alternative to extend the deadlines for completion of discovery and summary judgment motions. The court need not reach this alternative request.

attorney had entered an appearance for Ward.

The City answered Ward's complaint and moved to dismiss under Rule 12(b)(6) for failure to state a claim on which relief could be granted. The court granted the motion and ordered Ward to file an amended complaint that complied with Rule 8(a) and stated a claim on which relief could be granted.

Represented by counsel, Ward filed a first amended complaint that consisted primarily of two paragraphs. He alleged that he was wrongfully terminated, in violation of his civil rights, on the premise that he had made false claims in support of his claim for unemployment benefits. Specifically, he averred that he was an employee of the City; an individual filed charges accusing him of sexual harassment; the claims were false and unsupported by credible facts; he sought unemployment benefits while on administrative leave; and he was under the impression that his employment had been terminated. 1st Am. Compl. 1. Ward also alleged that the City instituted a retaliation campaign that included intentional delays in paying his retirement benefits, failure to adhere to its own policy and procedures regarding termination of employment after progressive discipline and providing an employee a meaningful opportunity to respond to misconduct allegations; his termination was in retaliation for exercising his rights by opposing a claim for unemployment benefits; and he suffered damages. *Id.* at 2.

In response to Ward's first amended complaint, the City moved for a more definite statement under Rule 12(e). The court granted the motion. The court noted that "[a] complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." May 25, 2010 Order 1-2 (quoting *Brown v. Whitcraft*, 2008 WL 2066929, at *2 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.)). The court concluded that Ward's first amended complaint "'is so vague or ambiguous that [defendant] cannot reasonably prepare a response.' It fails to set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Id.* at 2.

Still represented by counsel, Ward filed a second amended complaint. In his current pleading, he alleges that he was wrongfully terminated based on false and unsubstantiated allegations made by his employer, in violation of his civil rights. Specifically, he asserts that he is an African-American male employed by the City; he was the subject of a claim of harassment that allegedly occurred during the course of his employment as a housing inspector; the City initially placed him on paid administrative leave but converted his status to unpaid leave; he filed a claim with the Texas Workforce Commission ("TWC") for

unemployment benefits; in communications with the TWC hearing officer and personnel, he stated that he was placed on leave without pay pending an investigation and expected to be cleared; and the City terminated him on the ground that he had engaged in misconduct connected to the workplace, in violation of City policy. 2d Am. Compl. 1-2. Ward avers that he is the victim of wrongful termination, in violation of state and federal labor laws that protect employees from adverse employment actions for filing for and/or seeking unemployment benefits; the alleged grounds for his termination are unfounded and not supported by the City's policy and procedure manual; he was constructively discharged when he was placed on unpaid leave before the conclusion of the investigation of the underlying allegation; the City's retaliatory action resulted in loss of income and benefits; and employees who voluntarily terminate their employment for good cause are entitled to employment benefits under Texas law. *Id.* at 2. Ward alleges that he engaged in a protected activity by seeking unemployment benefits, the City's adverse action is actionable, and Title VII provides protection. *Id.*

The City responded to Ward's second amended complaint by filing the instant Rule 12(c) motion. It contends that the facts alleged are insufficient to support his claim for retaliatory dismissal and that he has failed to provide a sufficient legal basis for his claims.

After the City filed the motion, Ward filed a *pro se* motion asking that his attorney be removed from his case and that counsel be appointed. The magistrate judge granted the request to remove Ward's retained counsel but denied his motion for appointed counsel. Ward has not responded to the City's Rule 12(c) motion, but he has requested in a letter filed September 3, 2010 that the court appoint counsel to represent him.

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Id.* at 313 n.8 (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368, at 591 (Supp. 2002) ("A number of courts have held that the standard to be applied in a rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.") (footnote omitted)).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* at 312-13 (internal quotation marks and citation omitted)); *see also In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and brackets omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

### III

The court holds that Ward has failed to plead sufficient factual matter that, accepted as true and viewed in the light most favorable to him, states a claim for relief that is plausible on its face. Ward's claim against the City is that he was terminated for seeking unemployment benefits. But he pleads the following in only conclusory terms and without factual support: he was

wrongfully terminated based on unspecified false and unsubstantiated allegations made by the City; after being accused of harassment while employed as a City housing inspector, he was placed on paid leave and then unpaid leave; after he filed a claim with the TWC for unemployment benefits, the City terminated him on the ground that he had engaged in misconduct connected to the workplace, in violation of City policy, or constructively discharged him by placing him on unpaid leave; he is the victim of wrongful termination for filing for and/or seeking unemployment benefits; the alleged grounds for his termination are unfounded and not supported by the City's policy and procedure manual; and he is entitled to relief under Title VII for the damages he has sustained. Ward does not allege specific facts in support of these assertions that state a claim for relief that is plausible on its face. Essentially, Ward relies on conclusory allegations that, taken together, assert that he filed for unemployment benefits and was terminated by the City. Not only are these conclusory allegations inadequate, they appear to support a scenario (albeit also pleaded in conclusory terms) that is mutually inconsistent with Ward's theory of liability: that the City terminated Ward for workplace misconduct after he had been accused of harassment, and only after first placing him on paid and then unpaid leave.

Moreover, Ward cites as the legal basis for his claim a statute that does not protect against retaliation for seeking

unemployment benefits. He alleges that his termination was impermissible retaliation under 42 U.S.C. § 2000e-3. 2d Am. Compl. 2. But 42 U.S.C. § 2000e-3 prohibits employers from discriminating against employees for testifying about or otherwise opposing employment practices made unlawful under Title VII. *See Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005). Ward does not allege that he was terminated for opposing a practice made unlawful under Title VII, so 42 U.S.C. § 2000e-3 does not provide a legal basis for his claim.

The court therefore holds that Ward has failed to state a claim on which relief can be granted.

IV

Having decided to grant the City's motion, the court must decide whether to permit Ward to replead. The court declines to grant such leave.

First, Ward has already attempted three times to state a claim on which relief can be granted. Two of these attempts occurred after the court granted motions that challenged the adequacy of Ward's pleading.

Second, as noted, Ward has not responded to the City's Rule 12(c) motion and therefore has not requested leave to amend.

V

After the City filed its Rule 12(c) motion, Ward filed a *pro se* motion to discharge his retained counsel and for court-appointed counsel. In an August 25, 2010 order, the magistrate judge granted Ward's request to remove his counsel but denied his motion for appointed counsel. Ward submitted a letter, filed September 3, 2010, requesting that the court appoint counsel to represent him.

The court denies Ward's latest request for appointed counsel. Several of the reasons set out in the magistrate judge's August 25, 2010 order support denying Ward's latest request, which was made just days after the order was filed. Moreover, even with retained counsel, who filed Ward's first amended complaint and second amended complaint, Ward has not been able to state a claim that is plausible on its face. The court declines to appoint counsel in a case where a plaintiff represented by retained counsel has been unable to advance his case past the pleadings stage. The court therefore denies Ward's letter request for appointed counsel.

\* \* \*

For the foregoing reasons, the City's July 23, 2010 Rule 12(c) motion for judgment on the pleadings is granted,[2] and Ward's action

---

[2]As noted, the court need not consider the City's alternative request to extend the deadlines for completion of discovery and summary judgment motions.

is dismissed with prejudice by judgment filed today.  The court declines to appoint counsel to represent Ward.

**SO ORDERED.**

September 9, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE